# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| ABDUL KASSIMOV, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | CASE NO. 4:07-CV-22 CDL |
| | * | |
| ALBERTO GONZALES, *et al.,* | * | 28 U.S.C. § 2241 |
| | * | Habeas Corpus Petition |
| Respondents. | * | |

## REPORT AND RECOMMENDATION

Before the Court is Respondents' second Motion to Dismiss, filed in this case on July 20, 2007[1]. (R-18). The pleadings reveal that Petitioner was set to be deported to his native country of Russia on February 16, 2005. (R-13; Exh. 1). In his application for federal habeas relief, Petitioner contends that he was taken into custody by the Department of Homeland Security pursuant to the Order of Removal on August 3, 2006, and had remained in their since that time. (R-1). In their Motion to Dismiss, Respondents aver that Petitioner has been released from detention and placed on supervised probation. (R-18-1). Respondents contend that Petitioners' pending § 2241 petition is moot and should be dismissed as such.

The Eleventh Circuit Court of Appeals has held that:

> The doctrine of mootness derives directly from the case-or-controversy limitation because "an action that is moot cannot be characterized as an active case or controversy."*Adler v. Duval County Sch. Bd.,* 112 F.3d 1475, 1477 (11th Cir.1997). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a *1336 legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). As this Court has explained, "[p]ut another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.' " *Florida Ass'n of Rehab.*

---

[1]The Respondents filed a Motion to Dismiss which the Court has not ruled on, (R-13)

> *Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1216-17 (11th Cir.2000) (quoting *Ethredge v. Hail,* 996 F.2d 1173, 1175 (11th Cir.1993)). If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. *See, e.g., Hall v. Beals,* 396 U.S. 45, 48, 90 S.Ct. 200, 201-02, 24 L.Ed.2d 214 (1969) (per curiam). Indeed, dismissal is required because mootness is jurisdictional. *See Florida Ass'n of Rehab. Facilities,* 225 F.3d at 1227 n. 14 (citing *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) ("The question of mootness is ... one which a federal court must resolve before it assumes jurisdiction.")).

*Al Najjar v. Ashcroft*, 273 F.3d 1330 (11th Cir. 2001). Further, as cited by Respondents, other circuits have held that a release from detention renders a petitioner's action moot. *See Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) ("release from detention moots his challenge to the legality of his extended detention"); *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) (because petitioner was released "application for writ of habeas corpus [is dismissed] as moot") (further citations omitted).

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for writ of habeas corpus be dismissed without prejudicing Kassimov's right to file a new § 2241 petition in the future if a change in circumstances enable Petitioner to state a claim upon which habeas relief can be granted. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 21st day of December, 2007.

                                             S/ G. MALLON FAIRCLOTH
                                             UNITED STATES MAGISTRATE JUDGE

mZc